# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO DELGADO GAXIOLA,<br><br>                              Petitioner,<br>   vs.<br><br>V. M. ALMAGER, Warden,<br><br>                              Respondent. | CASE NO. 00CV1329  IEG (JFS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 19] |

Presently before the Court is petitioner's motion for reconsideration of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 19.] On October 1, 2001, this Court dismissed the petition with prejudice. [Doc. No. 12.] Pursuant to Federal Rule of Civil Procedure 60(b)(6),[1] petitioner now moves this Court to reconsider its dismissal in light of a new Ninth Circuit case.

The Court finds that petitioner has followed the correct procedural posture in bringing this motion. Rule 60(b), rather than a successive petition, "is the appropriate rule to invoke when one wishes a court to reconsider claims it has already decided." Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004).

Petitioner specifically asks this Court to reconsider its rejection of petitioner's claim for

---

[1] "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
. . .
(6) any other reason justifying relief from the operation of the judgment."

1  ineffective assistance of counsel, in light of the opinion in <u>Buckley v. Terhune</u>, 441 F.3d 688 (9th

2  Cir. 2006).  The Court previously rejected petitioner's claim because petitioner could not establish

3  any prejudice from counsel's allegedly ineffective assistance.  [Doc. No. 12, at 7-8.]

4        The Court finds <u>Buckley</u> unavailing to petitioner, as it does not change the law on the

5  requirement of prejudice in claims for ineffective assistance of counsel.  Instead, in <u>Buckley</u>, the

6  Ninth Circuit affirmed the grant of Buckley's writ because the California state court had violated §

7  2254 when it found that Buckley "well knew" the potential sentence for the offense to which he

8  had pled guilty.  441 F.3d at 691.  Although Buckley had signed a felony disposition statement

9  providing that he could be sentenced "for a maximum possible term of 15 year(s)," the district

10  attorney subsequently added a paragraph describing the "maximum term of 15 years to life."  <u>Id.</u> at

11  691-92.  The state court's finding was contrary to federal law because the interpretation of state-

12  court plea agreements was a matter of state law, California law required interpretation of plea

13  agreements as contracts, and the state court failed to apply California contract law.  <u>Id.</u> at 696.

14  Although this petitioner likewise claims to believe that he would receive a 15-year sentence for

15  pleading guilty, the similarities between this case and <u>Buckley</u> end there.  Nothing in <u>Buckley</u>

16  justifies reconsideration of this Court's prior finding that the state court's proper explanation of the

17  petitioner's potential sentence cured any erroneous predictions by defense counsel.

18        Petitioner also seeks to analogize to <u>Buckley</u> by claiming that petitioner's handwritten

19  request to withdraw his guilty plea creates ambiguity in the plea agreement.[2]  Such an analogy is

20  unavailing because, as <u>Buckley</u> clearly explains, California contract law requires a court first to

21  determine whether the agreement's language is ambiguous.  441 F.3d at 695.  Here, petitioner has

22  made no allegation of ambiguity in the language of his plea agreement.  If this Court were to grant

23  petitioner's motion on the basis of extrinsic evidence, without a finding of ambiguity, it would

24  commit clear legal error.  <u>Id.</u> at 696.

25  //

26

---

27  [2] Although petitioner does not explicitly so state, petitioner seems to be asking this Court to
28  reconsider its prior rejection of petitioner's claim that the state court abused its discretion by not allowing the petitioner to withdraw his guilty plea. This Court rejected that claim because it did not raise any federal rights. [Doc. No. 12, at 8-9.]

1        Therefore, for the reasons stated herein, the Court **DENIES** petitioner's motion for
2 reconsideration.

3        **IT IS SO ORDERED.**

5 **DATED: November 29, 2006**

                                       */s/ Irma E. Gonzalez*
                                       **IRMA E. GONZALEZ, Chief Judge**
                                       **United States District Court**